IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01477-MSK

ROBERT BRUCE SULLIVAN,

       Petitioner,

v.

FEDERAL BUREAU OF PRISONS,
W.A. SHERROD, Warden, F.C.I. Englewood, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

       Respondents.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on the Petitioner's Motion for Temporary Restraining Order **(#26)**, which the Respondents have opposed **(#32, #33)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Petitioner seeks an order precluding the Respondents from collecting a DNA sample from him pursuant to 42 U.S.C. § 14135a, because he believes that "there is a strong possibility that the convictions [he] is attacking will be ruled unconstitutional." The Respondents oppose the motion. They contend that there is not a strong possibility that the Petitioner will prevail on his application for a writ of habeas corpus. They also assert that the relief requested in the motion is not properly sought in conjunction with an application for habeas relief and must be pursued in separate civil litigation. Finally, they argue that the Petitioner can demonstrate no harm by the collection of a DNA sample, which they aver is similar to the collection of fingerprints.

A motion for a temporary restraining order is governed by Fed. R. Civ. P. 65(b), which provides in relevant part:

> (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

To obtain injunctive relief, the moving party must demonstrate: (1) a substantial likelihood that he will eventually prevail on the merits; (2) a showing that he will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *See Autoskill Inc. v. National Educational Support Systems, Inc.,* 994 F.2d 1476, 1487 (10th Cir. 1993). If the latter three factors "tip strongly" in the movant's favor, then "the test is modified, and the [movant] may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255-56 (10th Cir. 2003) (internal quotes and cite omitted).

Here, the Petitioner's motion presumes that he will be harmed if 42 U.S.C. § 14135a is applied to him and he later obtains habeas relief with respect to his state court convictions. This statute provides:

> (a) Collection of DNA samples
> > (1) From individuals in custody
> > > (A) The Attorney General may, as prescribed by the Attorney General in regulation, collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States. The Attorney General may delegate this function within the Department of Justice as provided in section 510 of Title 28, and may also authorize and direct any other agency of the United States that arrests or detains individuals or supervises individuals facing charges to carry out any function and exercise any power of the Attorney General under this section.
> > > (B) The Director of the Bureau of Prisons shall collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been, convicted of a qualifying Federal offense (as determined under subsection (d) of this section) or a qualifying military offense, as determined under section 1565 of Title 10. . . .

A qualifying federal offense includes any felony conviction.[1]

The case at bar involves an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The Petitioner challenges his conviction from the Larimer County District Court for violations of several Colorado statutes. There is no challenge in this case to the Petitioner's separate felony conviction from Criminal Action No. 03-cr-00210-MSK, and indeed, no such challenge could be brought under 28 U.S.C. § 2254. The Petitioner appealed from his felony conviction in Criminal Action No. 03-cr-00210-MSK, but the Tenth Circuit affirmed such conviction. Therefore, even if the Petitioner were to prevail on his challenge to his state court convictions, it would not preclude the collection of a DNA sample premised upon his federal felony conviction. Consequently, the Petitioner has not shown that he faces immediate and irreparable harm if a DNA sample is collected from him during the pendency of this action.

---

[1] Failure to comply with this statute is a class A misdemeanor offense. 42 U.S.C. § 14135a(a)(5).

To the extent that the Petitioner desires to challenge 42 U.S.C. § 14135a, on its face or as applied, that cannot be done within the context of this case. The scope of this action is limited to issues under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED** that the Petitioner's Motion for Temporary Restraining Order **(#26)** is **DENIED**.

Dated this 7th day of December, 2006

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge