IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01477-MSK

ROBERT BRUCE SULLIVAN,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,
W.A. SHERROD, Warden, F.C.I. Englewood, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST FEDERAL RESPONDENTS

THIS MATTER comes before the Court on a motion **(#50)** filed by the Federal Bureau of Prisons and W.A. Sherrod to dismiss claims asserted against them in this action. The Petitioner, Robert Bruce Sullivan, filed no formal response, but he addressed the motion in his Motion to Add Defendant's [sic] **(#52)**. Because Mr. Sullivan appears *pro se*, the Court treats that motion as a response and construes it liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).[1] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

Mr. Sullivan challenges a state court conviction entered by the Larimer County District Court under 28 U.S.C. § 2254. Respondents Federal Bureau of Prisons and W.A. Sherrod move to dismiss the claims against them on the basis that they are not proper respondents in this action.

---

[1] The motion is still referred to the Magistrate Judge to the extent Mr. Sullivan seeks other relief.

They contend that Mr. Sullivan has no federal remedy because he was released from federal custody on July 13, 2007, and is now on supervised release. Mr. Sullivan opposes the motion. He contends that he "is still technically restrained in his liberty," which apparently is an assertion that he remains in federal custody because he is subject to supervised release.[2]

The issue for this Court is whether the federal respondents are properly named in an action challenging a state court conviction under 28 U.S.C. § 2254. Fortunately, the answer to this question lies in Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 2 contemplates two different scenarios. First, under Rule 2(a), if a petitioner is already in state custody, then the proper respondent is the state officer who has custody, *i.e.*, the warden of the prison. Under that first scenario, there should be no federal respondent.

Second, under Rule 2(b), if the petitioner is not yet in state custody but will be in the future, then the proper respondents are "the officer who has current custody and the attorney general of the state where the judgment was entered." The advisory committee notes to Rule 2(b) draw a distinction between custody caused by "jail, prison, or other actual physical restraint" and custody where there is no physical restraint. If the petitioner is held in federal custody and is physically restrained, then the proper respondents are "the federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody." If there is no actual, physical restraint, then the proper

---

[2] Mr. Sullivan also asserts that his <u>federal</u> conviction was illegally obtained and that his <u>federal</u> sentence was also illegal. However, in this action, the only challenge is to his state court conviction under 28 U.S.C. § 2254. To the extent that Mr. Sullivan believes that his federal conviction is premised upon an unlawful state court conviction, such challenge is premature because the lawfulness of his state court conviction is yet to be determined.

respondents are the state attorney general and "the government officer who has present official custody of the petitioner if there is such an officer and his identity is ascertainable."

The purpose of naming the federal custodian as a respondent is to ensure that such custodian receives notice of the action and any award of habeas relief. The federal respondent is not expected to defend the substantive challenge. Rather, it falls upon the state attorney general to respond to a petitioner's challenge to a state court conviction or sentence.[3]

At the time when Mr. Sullivan filed his petition under 28 U.S.C. § 2254, he was in custody at the Federal Correctional Facility in Englewood. Thus, at the time the petition was filed, the proper respondents in this action were the warden of that facility (W.A. Sherrod) and the Colorado Attorney General. However, the Federal Bureau of Prisons was not properly named as a respondent under Rule 2(b).

Understandably, Mr. Sherrod believes that he is no longer properly named as a respondent since Mr. Sullivan is not in his custody and is now on supervised release. Rule 2 does not address whether § 2254 claims against a federal respondent should be dismissed when the petitioner has left that respondent's custody. However, as a practical matter, any request for relief against Mr. Sherrod is moot. If the Court were to grant Mr. Sullivan's application for habeas relief, the order would be meaningless to Mr. Sherrod, who would not be in a position to implement it.

At this juncture, the Court does not opine whether some other federal officer should be substituted for Mr. Sherrod as Mr. Sullivan's current custodian. That is the subject of the motion which has been referred to the Magistrate Judge.

---

[3] Similarly, when the challenge is to a federal conviction under 28 U.S.C. § 2255, it falls upon the United States Attorney to address the substantive challenge. However, this action only pertains to Mr. Sullivan's state court conviction.

**IT IS THEREFORE ORDERED** that the motion **(#50)** to dismiss claims against Respondents Federal Bureau of Prisons and W. A. Sherrod is **GRANTED**. The caption shall be amended to delete reference to these two respondents.

Dated this 23rd day of April, 2008

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge