IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01477-MSK-MJW

ROBERT BRUCE SULLIVAN,

      Petitioner,

v.

JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondent.

## ORDER DECLINING TO ADOPT RECOMMENDATION

THIS MATTER comes before the Court on a Recommendation **(#55)** by the Magistrate Judge that the Court deny the Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 **(#3),** to which the Petitioner has objected **(#56).**[1] The Magistrate Judge also recommends that the Court deny, as moot, two motions by the Petitioner seeking discovery **(#48)** and to add Respondents **(#52).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254.

### II. Issue Presented

The Magistrate Judge recommends that the Court deny the Petitioner's habeas application on the grounds that he did not timely file it under 28 U.S.C. § 2244(d). Consequently, he also

---

[1] The Petitioner appears *pro se*. Thus, in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court has liberally construed his filings.

recommends that two motions filed the Petitioner for discovery and to add Respondents be denied, as moot. The Petitioner objects to the Recommendation.

The first issue presented is whether the Petitioner timely filed his application for a writ of habeas corpus. If he did, the second issue is whether he is entitled to any relief on his motions. Because the Petitioner has objected to the Recommendation, the Court considers it *de novo*. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### III. Background

The Petitioner, Robert Bruce Sullivan, was tried before the Larimer County District Court on several state criminal charges. On October 20, 2000, he was convicted following a bench trial of second degree arson, harassment by stalking, violation of a restraining order, and domestic violence. His original sentence was imposed on December 8, 2000.

Mr. Sullivan appealed from his arson and harassment convictions, only. On July 18, 2002, the Colorado Court of Appeals affirmed his convictions. Mr. Sullivan did not seek *certiorari* review in the Colorado Supreme Court, and the Colorado Court of Appeals issued its mandate on September 27, 2002.

On February 24, 2003, Mr. Sullivan was resentenced and an amended judgment was issued. The trial court modified his sentence by revoking his 4-year sentence to the intensive supervision program and sentencing him instead to 3 years of incarceration in the Colorado Department of Corrections. Mr. Sullivan did not appeal from the amended judgment.

On July 2, 2003, Mr. Sullivan filed a motion under Colo. Crim. P. 35(c). The district court denied the motion, and Mr. Sullivan appealed to the Colorado Court of Appeals, which affirmed the district court's ruling. Mr. Sullivan filed a petition for *certiorari* review in the

2

Colorado Supreme Court, which it denied on October 24, 2005. Mr. Sullivan did not seek *certiorari* review from the United States Supreme Court.

On July 25, 2006, Mr. Sullivan commenced this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.

## IV. Analysis

**A. Was the Petition Timely Filed?**

There is a one-year statute of limitation for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of § 2244(d)(2), an application for collateral review is "pending" not only while it is under consideration, but also during the period after an adverse determination and when the defendant could have filed a notice of appeal. *Serrano v. Williams,* 383 F.3d 1181,

1184 (10th Cir. 2004); *see also Evans v. Chavis,* 546 U.S. 189, 191 (2006). In Colorado, a defendant has 45 days from "the entry of the judgment or order appealed from" to appeal to the Colorado Court of Appeals from an order by a district court, 45 days from "the entry of the judgment or order appealed from" to appeal to the Colorado Supreme Court from a decision by the Colorado Court of Appeals, and 90 days after the entry of judgment to appeal to the United States Supreme Court from a decision by the Colorado Supreme Court. Colo. R. App. P. 4(b)(1); Supreme Court Rule 13(1).

All parties have assumed, and apparently the Magistrate Judge also assumed, that the statute of limitation began to run sometime shortly after the July 18, 2002 opinion by the Colorado Court of Appeals, either 45 days after the entry of judgment (September 3, 2002[2]), or on the date a mandate was issued (September 27, 2002). Indeed, if the limitation period started on either such date, Mr. Sullivan's application would be untimely and would have to be denied in the absence of some form of tolling.

However, the assumption was in error. This is because the state court issued an amended judgment on February 24, 2003, imposing a new sentence. The amended judgment had the effect of restarting the statute of limitation. *See Ferreira v. Secretary, Dept. of Corrections,* 494 F.3d 1286, 1292-93 (11th Cir. 2007). This is because a judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1) when both the conviction and sentence become final. *See Burton v. Stewart,* 549 U.S. 147, 127 S. Ct. 793, 798 (2007). When a sentence is amended, it is the date of the amended judgment which controls, because the petitioner is in custody pursuant to the amended judgment. *See id.*; *see also Ferreira*, 494 F.3d at 1292.

---

[2] The Recommendation erroneously calculates the 45 days at August 9, 2002.

Mr. Sullivan had 45 days after issuance of the amended judgment (until April 10, 2003) to appeal, but did not do so. Thus, the amended judgment became final on April 10, 2003. Thus, the 1-year statute of limitation began to run on April 11, 2003. There were no pending motions for post-conviction relief between April 11 and July 1, 2003. These **82** days are credited against the 1-year statute of limitation.

The statute of limitation did not run from July 2, 2003 to January 23, 2006. This is because Mr. Sullivan filed a Rule 35(c) motion on July 2, 2003, which the Colorado courts ultimately denied on October 24, 2005 when the Colorado Supreme Court denied *certiorari* review. Mr. Sullivan then had another 90 days (until Monday, January 23, 2006) to file an appeal with the United States Supreme Court, but did not do so. Thus, his application for collateral review is deemed pending until January 23, 2006.

From January 24 to July 25, 2006, there were no pending motions for collateral review. These **183** days are also credited against the 1-year statute of limitation, bringing the total number of such days to **265**. Mr. Sullivan then timely filed his application.

## B. Is Mr. Sullivan Entitled to Discovery?

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, Mr. Sullivan moves **(#48)** for leave to conduct discovery in the form of interrogatories directed at his state court trial counsel, and asks that counsel be appointed to aid him in this regard. Under Rule 6(a), the Court may, for good cause, allow a party to conduct discovery and, if necessary for effective discovery, must appoint counsel for a financially eligible person. Pursuant to Rule 6(b), a request for discovery must include reasons for the request, as well as any proposed interrogatories or requests for admission. There is good cause for discovery if there are specific allegations before

the court which give reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *See Wallace v. Ward,* 191 F.3d 1235, 1245 (10th Cir. 1999). However, discovery may be inappropriate if the petitioner had an opportunity to conduct discovery and to develop evidence during the state post-conviction proceedings. *Cf. Smith v. Gibson,* 197 F.3d 454, 459 (10th Cir. 1999).

Mr. Sullivan proposes 39 interrogatories (excluding subparts) which he intends to propound on his state court trial counsel, Randy Golden. Apart from a general statement that he seeks discovery with regard to his ineffective assistance of counsel claim, he has not explained why these interrogatories are necessary. The motion does not state whether Mr. Sullivan, through post-conviction counsel Michael Reidel, had an opportunity to conduct an investigation and to develop evidence during the state post-conviction proceedings. In addition, many of the proposed interrogatories obviously pertain to information which Mr. Sullivan could glean simply by reviewing the state court record, *i.e.*, what objections counsel made during trial, whether counsel waived Mr. Sullivan's right to a speedy trial, whether the state court action consisted of consolidated cases, whether counsel filed any suppression motions, and whether counsel made an opening statement, etc. Others do not have any obvious relevance to this case, *i.e.*, information about the oath counsel took when becoming admitted to the Colorado bar, and whether counsel is knowledgeable about the Code of Judicial Conduct, etc. Thus, his motion for discovery is denied, without prejudice.

**C. Should Mr. Sullivan be Allowed to Name Additional Respondents?**

Mr. Sullivan has moved **(#52)** to add the United States of America and the United States Probation and Parole Office as Respondents in this case. The reason for his request is unclear.

6

The best this Court can discern is that Mr. Sullivan believes that his federal conviction under 18 U.S.C. § 922(g)(1) in Criminal Action No. 03-cr-00210-MSK should be set aside due to an unlawful predicate state court conviction. However, he cannot challenge his federal conviction in this action.

**IT IS THEREFORE ORDERED** that:

(1) The Court **DECLINES** to adopt the Recommendation **(#55)** of the Magistrate Judge to deny the petition for a writ of habeas corpus and to deny Mr. Sullivan's motions, as moot.

(2) The motion **(#48)** for discovery is **DENIED**, without prejudice.

(3) The motion **(#52)** to name additional Respondents is **DENIED**.

(4) The matter is remanded to the Magistrate Judge to prepare a recommendation for the disposition of Mr. Sullivan's claims under 28 U.S.C. § 2254.

Dated this 6th day of August, 2008

                                          **BY THE COURT:**

*Marcia S. Krieger*
_____

                                        Marcia S. Krieger
                                        United States District Judge